[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR MODIFICATION OF PENDENTE LITE SUPPORT
The parties were married on October 27, 1990. There is one child issue of the marriage, Mia, who is seven years of age.
On June 14, 2001, the parties entered an agreement on several motions, one of which is the motion for support pendente lite which the defendant seeks to modify. The agreement and order of the court provided for monthly support in the amount of $2,250 per month. At the time of this order, defendant was employed by Bridgeport Hospital although he was to CT Page 530 be terminated on June 30. In March, 2001, he requested an indeterminate leave of absence for medical reasons and it was for that reason that he was terminated. His last pay check was in March, 2001. Even though the defendant knew he would be terminated on June 30, he agreed to support of $2,250 per month based upon his earning capacity, his contemplation that he would soon have other employment and his hope that the parties might agree upon a reconciliation.
In August, 2001, the defendant did find employment. While he had searched for a position like the one he had at Bridgeport Hospital, he had been unable to find one. He is presently employed by ERN Physicians, P.C. in Newington and Torrington. In this position he is employed only 28 hours per week at an hourly rate that averages $70.00 per hour. His gross income is substantially less than the income contemplated at the time of the support order of June 14.
The pendente lite order of support was entered pursuant to the provisions of § 46b-83 of the Connecticut General Statutes. Its modification may be sought pursuant to the provisions of § 46b-86 (a) of the General Statutes upon a showing of a substantial change in circumstances of either party. The court does find that there has been a substantial change of the defendant's circumstances and does grant the modification.
The defendant's net weekly income is $1,326. The plaintiff's net weekly income is $1,201. This combined net weekly income exceeds the $2,500 per week figure as provided in the Child Support Guidelines. The guidelines, therefore, are not applicable in this case.
Making an order of support pendente lite, the court must consider the factors enumerated in § 46b-84 of the General Statutes. Having considered those factors, the court modifies the current order of support by reducing the same to $1,250 per month effective January 1, 2002. Additionally, the defendant shall continue to pay one half of the mortgage, insurance and taxes upon the premises at 70 Wyldewood Road in Easton, Connecticut, one half of the unreimbursed medical and dental expenses for the child, one half the child's ballet and violin lessons, and one half of the child's religious education expense.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE